### STATE, EX REL. JEREMIAH H. PIERCE, v. THE UNION DISTRICT SCHOOL TRUSTEES.

The supplement to "An act to establish a system of public instruction," approved March 23d, 1881, (*Pamph. L.*, *p.* 186,) makes it unlawful for school trustees to exclude children from any public school on the ground that they are of the negro race.

On rule to show cause why a *mandamus* should not issue, commanding the respondents, the trustees of public schools in the city of Burlington, to meet together, and by resolution order, direct and instruct the teachers of the several public schools in said city to receive Gertrude Pierce, Rufus Pierce, Gilbert A. Pierce and Hannah Pierce, children of the relator, into said schools for the purposes of instruction, without any denial or abridgment of their rights and privileges on account of race or color, and subject only to such legal restrictions and requirements as all other persons, over five and under eighteen years of age, residing within said city, are required to conform to as pupils attending said schools.

Argued at November Term, 1883, before Justices KNAPP,. DIXON and MAGIE.

For the relator, *A. S. Appleget.*

For the respondents, *M. H. Stratton.*

The opinion of the court was delivered by

DIXON, J. The relator is a citizen of New Jersey, and, since the 10th day of May last, has resided, with his wife and children, in the city of Burlington. Four of his children, named in the rule, are within the school age, and were included in the census of school children in said city, taken last May, according to law. On May 23d last, the relator applied to the respondents for the admission of each of these children into one of the two public schools nearest his residence, and they, having refused to grant the requisite permits, each of the children sought admission directly from the principals of these schools, which was likewise refused. Thereupon the relator, on behalf of himself and his children, instituted these proceedings to enforce their right.

The constitution of the state (*art. IV.,* § 7, ¶ 6,) declares that the legislature shall provide for the maintenance and support of a thorough and efficient system of free public schools for the instruction of all the children in this state between the ages of five and eighteen years. Our school law (*Rev., p.* 1070, § 94,) provides that all public schools in this state shall be free to all persons over five and under eighteen years of age, residing within the school district. The city of Burlington contains four public schools, but constitutes a single school district under the government of the respondents. Hence there can be no doubt of the legal right of these children to enter one of those schools for free instruction. So, too, I think it is equally clear that the respondents may make reasonable by-laws, not incompatible with the laws of the United States or of this state, (*Pamph. L.* 1848, *p.* 10,) and not in conflict with the general regulations of the state board

of education, (*Rev.*, *p.* 1076, § 39,) for determining into which of the schools these children shall be admitted. But, by the case laid before us, it does not appear that any by-law was referred to or any reason given as warranting the refusal to receive these children when they asked admission into the schools specified, nor now is any such rule or reason shown, except one which will presently be noticed. Under these circumstances, it was not necessary that application should be made unsuccessfully at every public school in the city before it could become evident that the legal rights of the relator were infringed. Such a requirement enforced in our large cities would entail very great inconvenience upon private citizens without any corresponding public advantage. The relator was, I think, entitled to have his children educated in the public school nearest his residence, unless there was some just reason for sending them elsewhere.

The ground of their exclusion in the present instance is manifested by the state of the case agreed upon under the rule to show cause. Of the four public schools in Burlington, one is for colored children only, and three are exclusively for white children, and it was into schools of the latter sort that the relator's children sought entrance. He is a mulatto, and therefore his children were excluded. Is exclusion upon that ground permissible?

We need not consider this question in the broad aspects presented by counsel. The power of the legislature to enact the law which has been promulgated on the subject is indubitable, and the law itself is unmistakably explicit. It is " that no child between the age of five and eighteen years of age shall be excluded from any public school in this state on account of his or her religion, nationality or color." *Pamph. L.*, 1881, *p.* 186. This statute made the respondents' refusal illegal.

Counsel for the respondents contends that it does not appear but what the refusal may have been founded on the fact that the schools selected by the relator were full, or the grade of instruction there such as his children were incapable of. No

doubt a refusal so supported would be legal, but no such ground can be discovered in the evidence. *Prima facie*, the children were entitled to admission, and, according to the proof their exclusion was because the relator was a mulatto, or it was without any reason at all. In either case it was unlawful.

Counsel further urges that since, under the rule of the trustees, an Italian (for example) as dark as the relator's children would have been admitted, the exclusion was therefore owing, not to "color," but to race, which the statute does not prohibit. But I think the term "color," as applied to persons in this country, has had too distinct a history to leave possible such an interpretation of the law. Both in the statute and in the regulations of the respondents, persons of color are persons of the negro race.

The rule to show cause should be made absolute and a peremptory *mandamus* be awarded.